FILED IN MY OFFICE
DISTRICT COURT CLERK
12/28/2017 10:41:37 AM
James A. Noel
DeAnne Santistevan

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

CHRIS LUCERO, as Personal Representative of
the Estate of MARCO ANTONIO SANCHEZ,

          Plaintiff,

Cause No. D-202-CV-2017-09222

v.

CARLSBAD MEDICAL CENTER, LLC,
COMMUNITY HEALTH SYSTEMS, INC.,
and JOHN DOES 1-10,

          Defendants.

## COMPLAINT FOR WRONGFUL DEATH, MEDICAL NEGLIGENCE, RESPONDEAT SUPERIOR, AND PUNITIVE DAMAGES

COMES NOW, Plaintiff Chris Lucero, as Personal Representative of the Estate of Marco Antonio Sanchez, by and through his attorney of record, DOMINGUEZ LAW FIRM (Paul M. Dominguez), and for his causes of action, states as follows:

### PARTIES AND VENUE

1.     Plaintiff Chris Lucero has been appointed Personal Representative of the Estate of Marco Antonio Sanchez. Chris Lucero is a resident of the City of Albuquerque, County of Bernalillo, State of New Mexico at all times material to the allegations of this Complaint.

2.     Marco Antonio Sanchez died on February 2, 2015, at the age of 53. At the time of his death, Marco Sanchez was a resident of Carlsbad, Eddy County, State of New Mexico at all times material to the allegations of this Complaint.

3.     Based upon information and belief, Defendant CARLSBAD MEDICAL CENTER, LLC (hereafter "CMC") is a foreign limited liability company doing business the State of New Mexico with its principal place of business at 2430 W. Pierce St., Carlsbad, NM 88220. Defendant

**EXHIBIT A**

CMC may be served by their registered agent: CSC of Lea County, 1819 N. Turner St., Ste. G, Hobbs, NM 88240.

4. Defendant COMMUNITY HEALTH SYSTEMS, INC., (hereafter "CHS") is a foreign corporation doing business in the State of New Mexico and all times material hereto. Defendant CHS is the parent corporation of Defendant CMC with its principal place of business located at 4000 Meridian Blvd., Franklin, TN 37067.

5. Defendants JOHN DOES 1-10 are unknown health care providers who provided care to Marco A. Sanchez, during the time(s) of the incident described in this Complaint.

6. All acts complained of herein occurred in the City of Carlsbad, Eddy County, State of New Mexico.

7. Jurisdiction and venue are proper with this Court pursuant to NMSA 1978, § 38-3-1 (2017).

## PLAINTIFF'S STATEMENT OF FACTS

8. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

9. Prior to his untimely death at age fifty-three (53), Marco Sanchez was married to Erika Sanchez for twenty-eight (28) years, and father to four (4) grown children; Cynthia, Oriana, Jasmine, and Isidro.

10. On January 20, 2015, Mr. Sanchez underwent an operation, performed by Donald E. Wenner, M.D. at Lovelace Regional Hospital in Roswell, New Mexico, to excise multiple skin tags around his arm pits and inner thighs.

11. Upon information and belief, Mr. Sanchez woke up at the end of the procedure from under general anesthesia and self-extubated without further incident. Mr. Sanchez was discharged home the same day with instructions to follow-up if necessary.

12. On January 21, 2015, at approximately 12:50 p.m., Mr. Sanchez presented to the Carlsbad Medical Center Emergency Room because he had pain and swelling in his face and neck, and difficulty swallowing.

13. The employees and/or agents of Carlsbad Medical Center, LLC noted that Mr. Sanchez had 6/10 pain in his right eye, right jaw, and at the base of his skull. They also noted the redness in his throat and his difficulty swallowing.

14. At approximately 1:42 p.m., x-ray imaging of his neck showed extensive subcutaneous emphysema in his head and both sides of his neck.

15. Shortly thereafter, Mr. Sanchez was examined by Andrew Pearson, M.D., an emergency room physician and employee/agent of Carlsbad Medical Center, LLC and Community Health Systems, Inc.

16. Dr. Pearson noted Mr. Sanchez's complaints of severe right side facial pain, swelling, and difficulty swallowing due to pain. Dr. Pearson's differential diagnosis was a contusion of subcutaneous gas second to traumatic extubation.

17. Instead of admitting Mr. Sanchez, Dr. Pearson prescribed pain medication and discharged Mr. Sanchez home with instructions to follow-up in one (1) to two (2) days. The discharge instructions note that "[y]ou have air under the skin from removing the breathing tube yourself. This problem should go away in a few days."

18. Mr. Sanchez was discharged from the emergency room at approximately 2:58 p.m. on January 21, 2015.

**EXHIBIT A**

19. On January 23, 2015, Mr. Sanchez presented to the Carlsbad Medical Center Emergency Room at approximately 10:40 a.m. with complaints of difficulty swallowing that was too painful to tolerate foods.

20. It was determined that Mr. Sanchez was suffering from an esophageal injury/pharyngeal injury, and that he required a higher level of care.

21. At approximately 7:00 p.m. Mr. Sanchez was airlifted to Del Sol Medical Center in El Paso, Texas.

22. At Del Sol Medical Center, it was determined that the untreated esophageal and hypopharyengal tears caused Mr. Sanchez to suffer from aspiration pneumonia, which lead to septic shock and multi-organ failure.

23. Due to the progression of Mr. Sanchez's untreated systemic infection from the untreated and undiscovered tears in his throat, he eventually succumbed and died on February 2, 2015 at Del Sol Medical Center in El Paso, Texas.

### FIRST CAUSE OF ACTION:
### WRONGFUL DEATH AGAINST ALL DEFENDANTS

24. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

25. As a direct and proximate cause of the negligent acts of all the Defendants, Marco Sanchez died.

26. This action is brought pursuant to the New Mexico Wrongful Death Statute, NMSA 1978, § 41-2-1 et seq. (2017).

27. This action is brought by the Plaintiff to recover, on behalf of Marco Antonio Sanchez, all damages legally available under the New Mexico Wrongful Death Act.

EXHIBIT A

## SECOND CAUSE OF ACTION:
## MEDICAL NEGLIGENCE AGAINST ALL DEFENDANTS

28.	Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

29.	In diagnosing, treating, operating, and caring for Marco Sanchez, Defendants were under the duty to possess and apply the knowledge, and use the skill and care ordinarily used by a reasonably well-qualified health care provider practicing under similar circumstances, with due consideration given to locality.

30.	Defendants breached their duty by:

a. Failing to properly admit Mr. Sanchez to refer Mr. Sanchez to another hospital on January 21, 2015 after the discovery and documentation of subcutaneous air;

b. Failing to properly investigate the source of the air in the subcutaneous tissue on January 21, 2015;

c. Failing to start IV antibiotics on January 21, 2015;

d. Failing to perform an infectious disease workup, including blood cultures on January 21, 2015;

e. Failing to perform a CT scan of the lungs on January 21, 2015;

f. Failing to require and perform a visual evaluation and examination of the oral airway on January 21, 2015, to determine the location and size of the perforation or tear;

g. Failing to recognize the significance of a potential subcutaneous infection caused by an oral-pharyngeal tear;

h. Failing to recognize the signs and symptoms of Systemic Inflammatory Response Syndrome on January 21, 2015; and

EXHIBIT A

    i. Failing to implement and enforce adequate policies and procedures regarding the recognition of Systemic Inflammatory Response Syndrome and/or early Sepsis.

31. The treatment and management of Marco A. Sanchez during the events described in this Complaint, by all Defendants, were reckless, wanton, and performed with utter disregard for his safety and welfare.

32. As a direct and proximate result of the negligent acts and omissions of the Defendants, Marco A. Sanchez sustained serious and irreversible injuries and damage that led to his untimely demise. The total damages are all in an amount not presently determinable, but to be proven at the time of trial.

33. As the direct and proximate result of negligent acts and omissions of Defendants, Marco A. Sanchez experienced extreme pain and suffering, mental anguish, and emotional distress prior to his untimely death.

### THIRD CAUSE OF ACTION: RESPONDEAT SUPERIOR AGAINST DEFENDANT CARLSBAD MEDICAL CENTER & COMMUNITY HEALTH SYSTEMS, INC.

34. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

35. At all times material hereto, Andrew Pearson, M.D., and other nurses, providers, physicians, technicians, or staff were employees and/or apparent agents of Defendant CMC and Defendant CHS. Defendant CMC and Defendant CHS had sufficient control over the aforementioned employees and/or apparent agents, and these employees and/or apparent agents, acting within the course and scope of their employment and/or agency, failed to use ordinary care in providing treatment that a reasonable and prudent health care facility/provider would

have provided under the same or similar circumstances by the above-noted acts and/or omissions.

36. At all times material hereto, the aforementioned acts and omissions were committed by individuals employed by and/or under the control of Defendant CMC and Defendant CHS, thereby making Defendant CMC and Defendant CHS liable pursuant to the doctrine of *respondeat superior*.

37. The treatment and management of Marco Sanchez during the events described in this Complaint, by Defendant CMC and Defendant CHS, was reckless, wanton and performed with utter disregard for his safety and welfare.

38. As a direct and proximate result of the negligent acts and omissions of Defendant CMC and Defendant CHS, Marco A. Sanchez sustained serious and irreversible injuries and damage that led to his untimely demise. The total damages are all in an amount not presently determinable, but to be proven at the time of trial.

39. As the direct and proximate result of negligent acts and omissions of Defendant CMC and Defendant CHS, Marco A. Sanchez experienced extreme pain and suffering, mental anguish, and emotional distress.

## FOURTH CAUSE OF ACTION:
## PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

40. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

41. The acts and omissions complained to in the Causes of Action stated above are believed to be of such an egregious nature, in reckless, wanton and total disregard to the rights and safety of Marco Sanchez, that in addition to actual damages ascertained and demonstrated by

**EXHIBIT A**

a preponderance of the evidence, that punitive damages or exemplary damages to deter these types of acts and omissions from occurring in the future are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter a final judgment in favor of the Plaintiff and against the Defendants in an amount to be proven at the time of trial for all of Plaintiff's damages, compensatory and other, including but not limited to punitive damages, for costs associates with bringing this cause of action, for reasonable attorney fees as allowed by law, for pre-judgment interest and post-judgment interest, and for such further relief as this Court deems just and proper.

                         Respectfully submitted,

                         DOMINGUEZ LAW FIRM, LLC

                         By: */s/ Paul M. Dominguez*
                              Paul M. Dominguez
                         *Attorneys for Plaintiff*
                         PO Box 10865
                         Albuquerque, NM 87184
                         PH: 505-850-5854
                         FAX: 505-796-5107
                         paul@dominguez.law

Submitted: December 28, 2017

**EXHIBIT A**