CHRIS LUCERO, as Personal Representative
Of the Estate of Marco Antonio Sanchez,

       Plaintiff,

       v.                                  Civ. No. 1:18-00148 WJ/LF

CARLSBAD MEDICAL CENTER, LLC,
COMMUNITY HEALTH SYSTEMS, INC.,
and JOHN DOES 1-10,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand to the Second Judicial District Court of New Mexico, filed April 16, 2018 **(Doc. 19).** Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's motion is not well-taken and, therefore, is DENIED.

### BACKGROUND

This is a Complaint for Wrongful Death based on medical negligence, initially filed in the Second Judicial District, County of Bernalillo on December 28, 2017, and removed to federal court on February 14, 2018 on the basis of diversity jurisdiction. The Notice of Removal states that Defendant Carlsbad Medical Center, LLC ("CMC") is a Delaware limited liability company, and that the sole member of CLC is Triad Holdings V, LLC, a Delaware limited liability company. The sole member of Triad Holdings V, LLC is Tennyson Holdings, I-LC, a Delaware limited liability company. The sole member of Tennyson Holdings, LLC is Triad Healthcare,

LLC, a Delaware limited liability company. The sole member of Triad Healthcare, LLC is HMA-TRI Holdings, LLC, a Delaware limited liability company. The sole member of HMA-TRI Holdings, LLC is CHS/Community Health Systems, Inc. ("CHS/CHSI"), a Delaware corporation with its principal place of business in Tennessee. The Notice also states that Defendant Community Health Systems, Inc. ("CHSI") is a Delaware corporation with its principal place of business in Tennessee.

Plaintiff contends that this Court lacks subject matter jurisdiction over the case because there is no diversity of citizenship as required under 28 U.S.C. §1332(c)(1)(C).[1]

## DISCUSSION

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982); *Martin v. Franklin Capital Corp.,* 251 F.3d 1283, 1290 (10th Cir. 2001). Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand. Removal is proper where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional amount of $75,000. 28 U.S.C. §1332. In seeking removal the removing party has the burden of proving both of these elements. *Huffman v. Saul Holdings, Ltd. P'ship,* 194 F.3d 1072 (10th Cir. 1999). Under 28 U.S.C. § 1332(a), the citizenship of all defendants must be different from the citizenship of all plaintiffs. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). A motion for remand based on the lack of subject matter jurisdiction arguing lack of diversity jurisdiction is timely made at any time prior to judgment. 28 U.S.C. § 1447(c).

Plaintiff contends that the case should be remanded because Defendant CMC is a citizen of New Mexico, not Tennessee, because the physical location of the hospital is Carlsbad, New

---

[1] Separate responses have been filed by Defendants, *see* Docs. 20 and 21.

Mexico is where CMC's principal place of business is located.  It is true that for purposes of §

1332, a corporation is deemed to be a citizen of every State by which it has been incorporated

and the State where it has its principal place of business.  See 28 U.S.C. § 1332(c)(1); *Tinner v.*

*Farmers Ins. Co. Inc*., 504 Fed. App'x. 710, 713 (10th Cir. 2012).  Here, however, CMC is a

limited liability company ("LLC"), which requires a different analysis, at least initially in this

case.

Determining the citizenship of a limited liability company is different than determining

the citizenship of a corporation under § 1332, based on a clear distinction between corporations

and other artificial entities that are not corporations.  A limited partnership is not in its own right

a "citizen" of the State that created it within the meaning of the federal diversity statute.  *See*

*Carden v. Arkoma Assocs.*, 494 U.S. 185, 185 (1990) (noting that the Supreme Court has "firmly

resisted extending the well-established rule treating corporations as 'citizens' to other artificial

entities"); *Mgmt. Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1324 (10th Cir.

2016) (only those entities that are corporations, in the traditional understanding of that word, will

be treated as a person for purposes of diversity jurisdiction); *Conagra Foods, Inc. v. Americold*

*Logistics, LLC*, 776 F.3d 1175, 1179 (10th Cir. 2015), *as amended* (Jan. 27, 2015), *aff'd sub*

*nom. Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016) (citing *Carden v.*

*Arkoma Assocs.*, 494 U.S. 185).

Under Tenth Circuit precedent, the citizenship of limited liability companies is

determined by the citizenship of their members and not their principal place of business.  *Siloam*

*Springs Hotel, LLC v. Century Sur. Co*., 781 F.3d 1233, 1237-38 (10th Cir. 2015) (rejecting

defendant's request to determine citizenship of Oklahoma limited liability company "by

reference to its state of organization and the state of its primary business operations" and

"join[ing] all other circuits that have considered the matter in concluding Siloam Springs takes the citizenship of all its members"). Limited liability companies are treated as partnerships for citizenship purposes and are therefore citizens of every state in which any of its members are citizens. *Carden v. Arkoma Assocs*., 494 U.S. 185, 195–96, (1990) (the citizenship of business entities is determined by the citizenship of its members). Further, in determining the citizenship of a limited liability company, any and all of its members must be considered. *See Mgmt. Nominees, Inc.,*813 F.3d at 1237-38 (for purposes of diversity, federal courts must include all the entities' members) (citing *Carden v. Arkoma Assocs.,* 494 U.S. at 195–96 (holding that the citizenship of a limited partnership is determined by the citizenship of each of its partners, both general and limited); *Siloam Springs Hotel*, 781 F.3d at 1238 ("in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members") (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–96) (holding that the citizenship of a limited partnership is determined by the citizenship of each of its partners, both general and limited).[2]

Plaintiff does not contest the law on this issue but instead argues that it does not apply here because the end of the citizenship chain for CMC leads to a corporation, and not individual members. This situation does indeed make the analysis a bit trickier, but it is resolvable nonetheless.

---

[2] *See also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011) (citizenship of LLC is determined by citizenship of its members); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (same); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (same); *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008) (same); *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) (same); *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc*., 357 F.3d 827, 829 (8th Cir. 2004) (same); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (same); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) (same); *Commonwealth Ins. Co. v. Titan Tire Corp*., 398 F.3d 879, 881 n.1 (7th Cir. 2004) (same); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) (same); *THI of N.M. at Vida Encantada, LLC v. Lovato*, 848 F. Supp. 2d 1309, 1317–18 (D.N.M. 2012) (same).

As with partnerships, where an LLC has as one of its members another LLC, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be" to determine the citizenship of the LLC. *Hart v. Terminex Int'l,* 336 F.3d 541, 543 (7th Cir.2003) (quotation omitted). For example, in *Zambelli Fireworks Mfg. Co. v. Wood*, Plaintiff brought suit seeking to enforce a restrictive covenant against Defendants Pyrotecnico, a competitor, and Matthew Wood who worked in the fireworks industry as a pyrotechnician and choreographer. 592 F.3d 412, 420 (3d Cir. 2010). The court in that case found that complete diversity did not exist because of Pyrotecnico's presence. Plaintiff Zambelli was a citizen of Pennsylvania, being incorporated under Pennsylvania laws and having its principal place of business in New Castle, Pennsylvania. Defendant Wood was domiciled in, and therefore was a citizen of, Florida. The citizenship of Pyrotecnico was not as straightforward: it was a Nevada limited liability company with a single member, Pyrotecnico of Louisiana, LLC, which was a Louisiana limited liability company. Tracing the company's citizenship, Pyrotecnico took on the citizenship of the members of Pyrotecnico of Louisiana, including managing member Stephen Vitale who was a resident of New Castle, Pennsylvania and therefore a citizen of Pennsylvania for diversity purposes. Because both Plaintiff and a Pyrotecnico were citizens of Pennsylvania, diversity jurisdiction was destroyed. *Zambelli Fireworks,* 592 F.3d at 420.

In this case, determining the citizenship of CMC requires consideration of four sub-layers. The first four entities (Triad Holdings V, LLC, Tennyson Holdings, I-LC, Triad Healthcare, LLC and HMA-TRI Holdings, LLC) are all Delaware limited liability companies. The last company is the sole member of HMA-TRI Holdings, LLC, which is CHS/CHSI—a corporation, not a limited liability company. If CHS/CHSI were an LLC, the final step would be

5

to look to the citizenship of all the members in the entity. However, that information is not only lacking here but also unnecessary because CHS/CHSI is a corporation. Doc. 1 at 2; Doc. 20 at 3.

For purposes of § 1332, a corporation is deemed to be a citizen of every State by which it has been incorporated and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). According to the affidavit of Beth McCormick, the Chief Quality Officer and Risk Manager at CMC, CMC is a Delaware corporation with its principal place of business in Tennessee, making CMC a citizen of Delaware and Tennessee. Doc. 20-1. Plaintiff agrees (correctly) that CHS/CHSI is a corporation and thus Defendant CMC must ultimately be considered a corporation. However, Plaintiff insists that CMC's principal place of business, as well as its business operations, are located in Carlsbad, New Mexico and that CMC is therefore a non-diverse defendant. This contention is simply not supported by the pleadings, and Plaintiff offers no evidence to counter Ms. McCormick's affidavit statements. Plaintiff presents exhibits showing that CMC's CEO's and administrators reside in New Mexico, but the residence of a corporation's administrators is not the standard used to determine the citizenship of corporations, and so Plaintiff's arguments must fail.

Accordingly, the Court finds that the Defendant CMS is a diverse defendant. The last layer of partners or members in the CMC chain is CHS/CHSI, which is a Delaware corporation with its principal place of business in Tennessee. Plaintiff does not dispute the citizenship of the other Defendant in this case, Defendant CHSI, which is also represented to be a Delaware corporation with its principal place of business in Tennessee. *See* Doc. 1 at 2. Both Defendants are not citizens of New Mexico and therefore diversity jurisdiction exists.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand to the Second Judicial District Court of New Mexico **(Doc. 19)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE