# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHRIS LUCERO as Personal Representative
of the Estate of Marco Antonio Sanchez,

      Plaintiff,

      vs.                                                                                                                                     2:18-cv-000148-WJ-LF

CARLSBAD MEDICAL CENTER, LLC,
COMMUNITY HEALTH SYSTEMS, INC.,
and JOHN DOES 1-10,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant Community Health Systems, Inc.'s ("CHSI's") Motion to Dismiss for Lack of Personal Jurisdiction, filed February 21, 2018 **(Doc. 7)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's Motion is well-taken and, therefore, is **GRANTED**.

## BACKGROUND

This is a medical negligence and wrongful death case. Plaintiff alleges that Mr. Sanchez died after suffering tears to his esophagus during surgery, and Carlsbad Medical Center, LLC's ("CMC's") failure to catch those tears during subsequent examinations. Employees of CMC are alleged to have committed the wrongful acts. Defendant CHSI wholly owns CMC, through a chain of five subsidiaries. Plaintiff brings claims of wrongful death and medical negligence against all Defendants, and *respondeat superior* claims against Defendants CMC and CHSI.

Plaintiff filed a complaint in the Second Judicial District on December 28, 2017. A notice of removal was filed on February 14, 2018, based on diversity.

Thereafter, Defendant CHSI filed this Motion to Dismiss, including an affidavit in support. The uncontroverted affidavit provides as follows. CHSI is a holding company with no employees, officers, or agents in New Mexico. It is incorporated in Delaware, with a principle place of business in Tennessee. It indirectly owns Carlsbad Medical Center, through a chain of five separate entities. CHSI does not operate any of the hospitals that its subsidiaries own or lease.

CHSI does not control the day to day operations of the hospital, the diagnosis and treatment of patients, the hiring training or supervision of hospital employees, the credentialing of healthcare personnel, the adoption of policies, procedures or guidelines, or any other matters related to running the hospital. CHSI has not designated the Hospital as its agent. CHSI maintains separate accounting records from the accounting records of the hospital. The Hospital maintains its own banking relationships. *See Generally Exhibit A;* **Doc. 7-1.**

CHSI did not hire, employ, train, or supervise any nurses, providers, physicians, or staff involved in treating or caring for Marco Antonio Sanchez. CHSI did not control the number of individuals on staff at the hospital or the manner in which, or the details of how, those individuals' work was to be performed.

In his response, Plaintiff's sole evidence in support of personal jurisdiction is Defendant CHSI's Form 10-K filing with the SEC. Plaintiff alleges that certain statements therein constitute admissions that Defendant CHSI operates and actively controls CMC. For example, Plaintiff points to certain statements in the Form 10-K that CHSI "sets the standard" at all of the hospitals it owns, has standardized and centralized a number of initiatives related to procedures,

billing, collection, and facilities management. The Form 10-K repeatedly uses the words "we", "our", and the "Company" to collectively refer to CHSI and its subsidiaries.

## DISCUSSION

Federal courts sitting in diversity have personal jurisdiction over nonresident defendants to the extent permitted by the law of the forum state. *Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 621 (10th Cir. 1988) (citations omitted). The New Mexico long-arm statute extends personal jurisdiction to the extent permitted by due process. *Tercero v. Roman Catholic Diocese of Norwich, Connecticut*, 48 P.3d 50, 54 (N.M. 2002). Therefore, in this diversity case, the Court will limit its analysis to binding Tenth Circuit and United States Supreme Court precedent analyzing personal jurisdiction under the due-process clause. *Federated Rural Electric Ins. Corp. v. Kootenai Electric Coop.,* 17 F.3d 1302, 1305 (10th Cir. 1994); *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007).

### I.     Fed. R. Civ. P. 12(b)(2) standard

Plaintiff bears the burden of establishing personal jurisdiction over CHSI. *See Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456 (10th Cir. 1996). Here, Plaintiff need only make a prima facie showing of jurisdiction to defeat a motion to dismiss. *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). If the facts in the complaint are controverted, Plaintiff may make the required showing by coming forward with facts, via affidavit or other written materials, that would support jurisdiction. *See OMI Holdings v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). All factual disputes must be resolved in the

3

plaintiff's favor. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). The Court need only accept as true well-pled facts, i.e. facts that are plausible, non-conclusory, non-speculative.

**II.     Personal Jurisdiction and Due Process.**

To comport with due process, Plaintiff must establish that Defendant CHSI has "such minimum contacts with the forum state that he should reasonably anticipate being haled into court there." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159–60 (10th Cir. 2010) (quotations omitted). If Plaintiff does so, he must also establish that exercise of personal jurisdiction over CHSI does not offend traditional notions of fair play and substantial justice. *Id.*; *see also Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014). "This minimum-contacts standard may be satisfied by showing general or specific jurisdiction." *Bartile Roofs, Inc*, 618 F.3d at 1159-60; *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 492–93 (10th Cir. 2012). Plaintiff has the burden of establishing personal jurisdiction over CHSI. *See Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456 (10th Cir. 1996). Plaintiff asserts that New Mexico has both general and specific jurisdiction over Defendant CHSI.

    A.     General Jurisdiction.

General jurisdiction requires that a defendant have contacts with New Mexico "so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* ––– U.S. ––––, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011), *cited in Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 493 (10th Cir. 2012); *Helicopteros Nacionales De Columbia v. Hall*, 466 U.S. 408, 415; *Benton v. Cameco Corp., 375 F.3d 1070 (10th Cir. 2004).* "Unlike for specific jurisdiction, the litigation

need not arise from the defendant's activities in the forum." *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 493 (10th Cir. 2012)

B. Specific Jurisdiction.

New Mexico may assert specific jurisdiction over an out-of-state defendant when defendant has purposefully directed its activities at residents of New Mexico and "the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Crop. v. Rudzewicz*, 471 U.S. 462 (1985); *See also Employers Mut. Cas. Co. v. Bartile Roofs*, Inc., 618 F.3d 1153, 1160 (10th Cir. 2010) ("a plaintiff satisfies the…standard by showing that (1) the defendant has purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state, and (2) the litigation results from alleged injuries that arise out of or relate to those activities,") (internal citations and quotation marks omitted). The injury must arise out of "actions by the defendant *himself* that create a substantial connection with the forum state." *OMI Holdings, Inc.,* 149 F.3d at 1091

## III. Alter Ego or Agency Theory.

Plaintiff argues that CMC is completely controlled and operated by Defendant CHSI. Because the *alter ego* and agency analyses for purposes of this case are substantially similar, the Court will analyze them together.[1] *Weisler v. Cmty. Health Sys., Inc.*, 2012 WL 4498919, at *12 (D.N.M. 2012) (Vazquez, J.) (under either agency or *alter ego* theory, court inquires whether parent corporation "dominat[ed] the day to day business decisions of the subsidiary and a disregard[ed] the corporate entity of the subsidiary").

---

[1] Plaintiff alleged this agency theory without any analysis, but citing to *SGI Air Holdings II LLC v. Novartis Int'l AG*, 239 F. Supp. 2d 1161, 1166 (D. Colo. 2003). That case applied the same overarching concern here – whether the parent "exert[ed] control over the day to day activities" of the subsidiary. *Id.* Therefore, for purposes of this case, the agency and alter ego analyses are substantially similar, the Court need not do separate analyses.

CHSI itself neither performs actions in, nor conducts business in, New Mexico, and has no discernable contacts with New Mexico. Rather, CMC, LLC is the direct entity that owns and operates the hospital and is the entity that would most logically be sued under a *respondeat superior* theory. In order for New Mexico to assert personal jurisdiction under either specific or general jurisdiction over Defendant CHSI, Plaintiff must show that CMC is really an *alter ego* or agent of CHSI. *See, e.g., Jemez Agency, Inc. v. CIGNA Corp.*, 866 F. Supp. 1340, 1344 (D.N.M. 1994). If Plaintiff establishes that CMC is really an *alter ego* of CHSI, then personal jurisdiction would clearly be established.

Generally, personal jurisdiction over a subsidiary corporation does not give a state jurisdiction over the parent corporation, even if the parent wholly owns the subsidiary. *Jemez Agency*, 866 F. Supp. at 1343; *see also Alto Eldorado Partnership v. Amrep Corp.*, 138 N.M. 607, 618 (Ct. App. 2005) ("the mere relationship of parent corporation and subsidiary corporation is not in itself a sufficient basis for subjecting both to the jurisdiction of the forum state, where one is a nonresident and is not otherwise present or doing business in the forum state."). However, a court may deem a subsidiary the alter ego of a parent and pierce the corporate veil where (1) "the parent's control goes beyond that normally exercised by a majority shareholder…" and is "so complete as to render the subsidiary an instrumentality of the parent," or (2) "the subsidiary does an act at the direction of the parent, or in the course of the parent's business." *Jemez Agency*, 866 F. Supp. at 1343. In other words, "the Court may properly invoke jurisdiction over a foreign parent company predicated on the acts of one of its subsidiaries if the parent company actually controls the subsidiary's day-to-day business decisions and disregards the subsidiary's business entity." *Quimbey by Faure v. Cmty. Health Sys., Inc.*, 2015 WL 13651236, at *8 (D.N.M. 2015) (Gonzales, J.); *Berry v. Bryant*, 2012 WL 12819204, at *4

(D.N.M. 2012) (Herrera, J.) (if parent's control is 'so complete as to render the subsidiary an instrumentality of the parent, ... the Court may deem the subsidiary the mere 'alter ego' of the parent, and accordingly, may pierce the corporate veil.") (quoting *Jemez).*

## IV.  Evidence and Analysis.

Plaintiff argues that New Mexico has both general and specific personal jurisdiction over Defendant.  As noted above, Defendant CHSI presented an affidavit that establishes that Defendant is a Delaware Corporation with a principal place of business in Tennessee.  The affidavit also established that Defendant does not do business in New Mexico, exercises little to no control over CMC and its employees, and does not operate CMC day-to-day.  Additionally, Defendant attached several rulings from this district and from New Mexico state courts dismissing CHSI for lack of personal jurisdiction.

Plaintiff's sole evidence is a 218 page SEC Form 10-K filing, in which Plaintiff alleges that Defendant CHSI admits that they actively operate and control CMC, including providing capital to CMC, standardizing operating procedures, setting policies and procedures, all of which affected the care given to Mr. Sanchez.  Plaintiff argues that Defendant admits in its own SEC filing that it provides to Defendant CMC "corporate culture, hospital improvements, billing and collection procedures and policies, physician recruiting practices capital for hospital improvements, and standardization of technology used in the hospital."  Plaintiff also argues that the CHSI admits it provides "streamlined clinical operations" and also provides standardized programs to CMC to improve efficiency and productivity within the emergency room.  In the filing, CHSI repeatedly uses "we", "our", and the "Company" to refer to CHSI and its subsidiaries collectively.  Plaintiff argues that these are "admissions" that CHSI is not merely a holding company, but actively plays a role in the day-to-day operations of CMC.

7

This argument is not persuasive, because SEC guidance provides that public filings should be in plain English and easy to understand. 17 C.F.R. 230.421 (public filings "should not be legalistic or overly complex… that make the substance of the disclosure difficult to understand"); Securities Act Release No. 33-7497 (January 28, 1998) (new rules require public filing to be in "plain English").

Moreover, in the same filing Form 10-K filing, CHSI explains the collective reference of CHSI and its subsidiaries:

> Throughout this Form 10-K, we refer to Community Health Systems, Inc., or the Parent Company, and its consolidates subsidiaries in a simplified manner and on a collective basis, using words like "we," "our," "us" and the "Company." This drafting style is suggested by the Securities and Exchange Commission, or SEC, and is not meant to indicate that the publicly-traded Parent Company or any other subsidiary of the Parent Company owns or operates any asset, business or property. The hospitals, operations, and businesses described in this filing are owned and operated, and management services provided, by distinct and indirect subsidiaries of Community Health Systems, Inc.

**Doc. 14-1, p. 5.** Thus, statements in the Form 10-K referring to CHSI and its subsidiaries collectively do not constitute admissions that Defendant CHSI exercises the requisite control over CMC. *See, e.g., Berry v. Bryant*, 2012 WL 12819204, at *5 (D.N.M. 2012) (Herrera, J.) (in examining same clause, concluding that such language is merely to make document easier to read for investors, and does not contradict Defendant CHSI's affidavit that they do not exert control over hospital).

Moreover, multiple courts have rejected the argument that "we," "us," "our," and "the Company" on a Form 10-K filing or website does away with legal distinctions between corporations or subjects the parent company to personal jurisdiction. *Berry v. Bryant*, 2012 WL 12819204, at *5 (D.N.M. 2012) (Herrera, J.) ("references by a parent corporation to the business of its subsidiary as being part of the business of the parent does not serve to erase the substantive

8

and legal distinction between corporations."); *Weisler v. Cmty. Health Sys., Inc.*, 2012 WL 4498919, at *5 (D.N.M. 2012) ("[G]eneral references by a parent corporation to the business of a subsidiary as being part of the business of the parent does not confer personal jurisdiction or serve to erase the substantive and legal distinctions between corporations."), *citing Moody v. Charming Shoppes of Delaware, Inc.*, 2008 WL 2128955, at *4 (N.D. Cal. 2008) ("Defendant has not pointed to any case which holds that generic admissions can subject a party to in personam jurisdiction. Similarly, collective references in press releases do not establish in personam jurisdiction either."); *Quimbey by Faure v. Cmty. Health Sys., Inc.*, 2015 WL 13651236, at *2 (D.N.M. 2015) (Gonzales, J.) (rejecting statement in SEC filing that "we" own and operate hospitals creates personal jurisdiction); *See also Estate of Cummings v. Mark Leatherwood, M.D.*, 2012 WL 12819630, at *4 (D.N.M. 2012) (Brack, J.) (although Plaintiff submitted excerpts of CHSI's SEC 10-K filing which referenced CHSI's ownership of hospitals, court found no personal jurisdiction).

Therefore, the Form 10-K is not evidence that CHSI controls the day-to-day operations of CMC or has minimum contacts with New Mexico, and the filing does not controvert the facts established in Defendant's affidavit. Therefore, the Court concludes that Plaintiff failed to meet his prima facie burden of establishing that Defendant CHSI has minimum contacts with New Mexico.

## V. **Additional Discovery is Not Necessary.**

To the extent Plaintiff argues he should be given the opportunity to conduct jurisdictional discovery, Plaintiff's total lack of facts controverting Defendant CHSI's affidavit counsels against doing so. The Court is not "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." *Martinez v. Cornell Corr. of Tex.,* 229 F.R.D. 215, 218 (2005). Rather, discovery is meant to "allow the parties to flesh out allegations for

which they initially have at least a modicum of objective support." *Martinez,* 229 F.R.D. at 218, *quoting Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D.N.Y. 2002). This means that before the Court grants discovery, Plaintiff must first provide some reasonable allegations on which to base the pursuit of discovery.

As explained above, Plaintiff has provided no objective support to his allegations, and given no indication to believe that discovery will produce facts necessary to establish minimum contacts between CHSI and New Mexico.

Though in some cases limited discovery for jurisdictional purposes may be appropriate, the Court, in light of the deficiency of Plaintiffs' current factual proffer, concludes that Plaintiff has provided nothing that shows that additional discovery would uncover facts establishing minimum contacts between CHSI and New Mexico. "A plaintiff is not entitled to discovery to establish essentially speculative allegations necessary to personal jurisdiction." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 (1982) (Powell, J., concurring in the judgment) ("A plaintiff is not entitled to discovery to establish essentially speculative allegations necessary to personal jurisdiction."); *see also Sizelove v. Woodward Regl.*, 2011 WL 5087997 at *3 (W.D. Okla. 2011) (disallowing discovery against CHSI in similar circumstances); *Raffile v. Exec. Aircraft Maint.*, 2011 WL 6637029, *13 (D.N.M. 2011).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant CHSI's Motion to Dismiss **(Doc. 7)** is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order. All claims against CHSI are therefore **DISMISSED WITHOUT PREJUDICE.**

_____
CHIEF UNITED STATES DISTRICT JUDGE