IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRIS LUCERO, as Personal
Representative of the Estate of
MARCO ANTONIO SANCHEZ,

                Plaintiffs,

vs.                                                                                   No. 18-CV-148-WJ-LF

CARLSBAD MEDICAL CENTER, LLC,
COMMUNITY HEALTH SYSTEMS, INC.,
and JOHN DOES 1-10,

                Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION FOR LEAVE OF COURT TO ADD
## THIRD-PARTY DEFENDANTS

**THIS MATTER** comes before the Court on Defendants' Motion for Leave of Court to Add Third-Party Defendants. [Doc. 41, filed January 2, 2019]. Upon reviewing the parties' briefs and applicable law, the motion is **DENIED**.

### BACKGROUND

On December 28, 2017, Plaintiff filed a complaint in state court for Wrongful Death and Medical Negligence against Carlsbad Medical Center, LLC and Community Health Systems, Inc. Plaintiff claims that Defendants were negligent and vicariously liable under the doctrine of respondeat superior for the negligent acts of all emergency room healthcare providers, including Andrew Pearson, M.D., for the death of Marco Sanchez. Defendants then removed the case to federal court on February 14, 2018 and filed an answer to the complaint on February 21, 2018.

At the time of Mr. Sanchez's death, Dr. Pearson was employed by Pegasus Emergency Management Services, LLC, ("Pegasus"), which, according to Defendants, now goes by the name

1

of Island Medical LOE, LLC, or Island Medical PEM, LLC. The present motion was filed on January 2, 2019, which seeks to add Dr. Pearson, Island Medical LOE, LLC, Island Medical PEM, LLC, and Pegasus as third-party defendants because they will seek indemnification from them if they are held to be liable for Plaintiff's claims.

**STANDARD**

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a)(1). The defendant must do so within 14 days of filing its original answer. *See* Fed.R.Civ.P. 14(a)(1). If a defendant wishes to add a third-party defendant, also known as impleader, more than 14 days after serving its original answer, it must obtain the Court's leave. *See* Fed.R.Civ.P. 14(a)(1).

"The purpose of Rule 14 was to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits." *United States v. Acord*, 209 F.2d 709, 712 (10th Cir.), *cert. denied*, 347 U.S. 975, 74 (1954). "The rule should be liberally construed to effectuate its intended purposes." *Id.* "The granting or denial of leave of a defendant to prosecute a third-party proceeding under Rule 14 rests in the sound discretion of the trial court." *Id.*

"[T]he rule allows a defendant to bring in parties if liability may be passed on to the impleaded third-party." *Admin. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 514 (D. Kan. 2003). "The burden of proving that impleader is proper rests on the [defendant]." *Id.* (citation omitted). "However, even if the [defendant] shows that either requirement of derivative liability or dependence of claims is met, it is within the court's discretion to grant or deny a motion for impleader." *Id.*

Courts must consider several factors, such as delay, to determine whether a party may be impleaded after the 14-day period. *See Fraley v. Worthington*, 64 F.R.D. 726, 729 (D. Wyo. 1974). "Although delay in and of itself will not bar impleader, it is one factor to be considered by the Court in exercising its discretion whether to grant or deny the motion." *Id.* (citing *Goodhart v. United States Lines Company*, 26 F.R.D. 163 (S.D.N.Y.1960)).

## DISCUSSION

Defendants argue that they can add Dr. Pearson and his employer to the lawsuit because New Mexico recognizes the right to indemnify, and if Defendants are found liable, they will seek indemnification from Dr. Pearson and his employer. Defendants allege that Dr. Pearson is not employed by them but rather is a contractor employed by Pegasus. While true that Defendants can seek indemnification against Dr. Pearson and his employer, and could potentially be added as third-party defendants to this lawsuit, the Court finds no justification in Defendants delay to add the third-party defendants to this suit, and it does not find their addition necessary to the resolution of this case.

Dr. Pearson is clearly named in the factual allegations of the state-court complaint, and Plaintiff asserts several allegations that could potentially point towards the liability of Dr. Pearson and other hospital staff. [Doc. 41 at 14, ¶¶ 15-17, 35]. Defendants could have easily ascertained that Dr. Pearson could be a potential defendant in this lawsuit from the time this lawsuit was filed in state court, from the time of removal to federal court, or as required by Rule 14, from the time Defendants filed their answer to the original complaint in federal court. Instead, Defendants waited nearly 11 months from the time of filing their answer to add the third-party defendants. Defendants do not guide the Court to any justifications but merely ascertain that they are allowed to seek indemnification under New Mexico law. *See Ahern v. Gaussoin*, 104 F.R.D. 37, 41-42 (impleader

denied for failure to justify 10-month delay and because impleader would complicate trial); *cf. Jagielski v. Package Mach. Co.*, 93 F.R.D. 431, 432 (E.D. Pa. 1984) (delay acceptable given late notice of possible liability of third parties).

The Court also finds that the addition of the third-party defendants is not necessary for the resolution of the case under the theory of respondeat superior that Plaintiff is asserting in the complaint. *See Houghland v. Grant*, 1995-NMCA-005, ¶ 25, 119 N.M. 422 (holding that contracted physicians are apparent agents of a hospital that holds itself out as an emergency care provider inducing patients to rely on the hospital for emergency care, and hospital is liable under respondeat superior). Also, Defendants could pursue indemnification at the end of this action in a separate lawsuit. *See UL LLC v. Space Chariot, Inc.*, 250 F.Supp. 3d 596, 606 (C.D. Cal. 2017) (noting that impleader for indemnification could be pursued in separate action). Therefore, the addition of the third-party defendants will not be granted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Leave of Court to Add Third-Party Defendants, [Doc. 41, filed January 2, 2019], is **DENIED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE